UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                        )
AURELIO MARTINEZ and                    )
SANDRA MARTINEZ                         )
                    Plaintiffs,         )
                              v.        )          Civil Action No.:    16-619
                                        )
                                        )
ALFA LAVAL, INC. as successor-in-interest )
to DE LAVAL SEPARATOR COMPANY,          )
et al.                                  )
                    Defendants.         )
_____)

## VIAD CORP'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, Defendant, Viad Corp ("Viad"), sued

as "Viad Corporation, as successor-in-interest to Griscom Russell Company," hereby

removes a state court action filed by Aurelio Martinez and Sandra Martinez ("Martinez") to

the United States District Court for the District of Rhode Island.

## BACKGROUND

1.      The plaintiffs filed their Complaint, Civil Action No.: PC 2016-4372 in the

Rhode Island Superior Court, Providence County, on or about September 16, 2016.  A true

copy of the plaintiffs' Complaint is attached as Exhibit "A."

2.      Viad was served with a Summons and Complaint by certified mail received on

October 24, 2016.  A true copy of the CT Corporation Service of Process Transmittal is

attached as Exhibit "B."

3.      This Notice of Removal is timely because it is being filed within thirty days

after when Viad received notice of the first "paper" within the meaning of 28 U.S.C. §

1446(b) from which Viad could determine that the case is removable, *viz.*, the plaintiffs' Complaint.  Paragraph one of the plaintiffs' Complaint alleges that Mr. Martinez "was injuriously exposed to asbestos as follows: Mr. Martinez was a member of the United States Navy from approximately 1952 until 1956. During his service in the United States Navy, Mr. Martinez served abroad the USS Mattabesset (AOG-52) and the USS Cadmus (AR-14), one or both of which sailed in and out of ports in the United States, including ports in the State of Rhode Island, South Carolina, and Virginia. After being honorably discharged from the United States Navy, Mr. Martinez was employed by Pall Corporation, located at 30 Sea Cliff Ave, Glen Cove, NY, from approximately 1957 until 1965."  *See* Exhibit "A," ¶ 1.  Martinez further alleges that, "[a]s a direct result of his exposure to asbestos, Mr. Martinez is suffering from the fatal asbestos-related disease, mesothelioma."  *Id.*

## **FEDERAL OFFICER REMOVAL PURSUANT TO 28 U.S.C. § 1442(a)**

4.     Viad is entitled to remove this action because:  (1) it is the alleged successor-in-interest to a person[1] that was acting under the direction and authority of a federal officer or agency; (2) it has a colorable federal defense to the plaintiffs' claims; and (3) there is a causal nexus between the plaintiffs' claims and Griscom-Russell's alleged conduct under federal authority.  *Jefferson County, Alabama  v. Acker,* 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 131-34 (1989); *O'Connell v. Foster Wheeler Energy Corp.*, 544 F. Supp. 2d 51 (D. Mass. Apr. 7, 2008).

---

[1]     Viad, a corporation, is a "person" within the meaning of 28 U.S.C. § 1442(a).  *See Aisup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 845 n.3 (S.D. Ill. 2006), *citing Camacho v. Autoridad de Telofonos de Puerto Rico*, 868 F.2d 482, 486-87 (1ˢᵗ Cir. 1989); *Green v. A.W. Chesterton Co.*, 366 F. Supp. 2d 1949, 1953 n.3 (D. Me. 2005).

5.      Viad apparently has been sued as the alleged successor-in-interest to Griscom-Russell Company, which, upon information and belief, was a manufacturer and supplier of equipment to the United States Navy.[2]

6.      Any equipment manufactured and sold to the U.S. Navy was provided pursuant to procurement contracts entered into with the Navy and in accordance with the precise and exacting specifications required by the Navy.  Griscom-Russell had no authority or discretion to deviate from the U.S. Navy's specifications.  *See* November 15, 2016 Declaration of Charles R. Cushing ("Cushing Declaration") and August 7, 2008 Declaration of Rear Admiral Ben J. Lehman, U.S. Navy, Ret. ("Lehman Declaration"), attached hereto as Exhibits "C" and "D," respectively.[3]

7.      Griscom-Russell was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1), and the plaintiffs' claims against Viad in its alleged capacity as successor-in-interest to Griscom-Russell are derived solely from Griscom-Russell's official duties.

8.      Viad has a colorable claim to a federal defense in this action, specifically, government contractor immunity from liability for injuries arising from exposure to asbestos in equipment manufactured by Griscom-Russell.  *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); *O'Connell,* 544 F. Supp. 2d at 58 ("Since the Navy issued reasonably precise specifications as to the warnings, the court concludes, for purposes of this motion, that:  (1) the Navy exercised a substantial degree of control over Buffalo Pumps's provision of

---

[2]      Viad disputes that it is, in fact or at law, the successor-in-interest to Griscom-Russell.

[3]      The Declaration that comprises Exhibit D was originally appended to a Joinder to a Removal by General Electric, which Viad filed in the case of Richards v. Buffalo Pumps on August 8, 2008.  Because the content of the Declaration would be identical here, Viad has appended this Declaration.

warnings; and (2) the Navy's control over these warnings impeded Buffalo Pumps's ability to independently fulfill its state law obligation to warn of the dangers of asbestos (if indeed it knew of these dangers)."); *Marley v. Elliot Turbomachinery Co., Inc.*, 545 F. Supp. 2d 1266 (S.D. Fla. Mar. 13, 2008)  (removal allowed as affidavits of Lehman and another "provide a good faith foundation to show (1) that the Navy controlled the warnings to be affixed on parts manufactured by independent contractors, and (2) that the Navy was likely to reject any asbestos warning given its policy to deal with the asbestos problem exclusively through training"); *Oberstar v. CBS Corp.*, 2008 U.S. Dist. LEXIS 14023 (C.D. Cal. Feb. 11, 2008) (plaintiff's motion to remand after Viad and General Electric removal denied based, *inter alia*, on similar Lehman affidavit); *Harris v. Rapid Am. Corp.*, 532 F. Supp. 2d 1001, 1004-05 (N.D. Ill. 2007), *recon. denied*, 2008 U.S. Dist. LEXIS 18503 (N.D. Ill. Mar. 7, 2008) (Lehman and Cushing affidavits held sufficient to demonstrate at removal stage that "(1) the Navy had complete control over the manufacture and design of every piece of equipment on its ships, as well as the nature of warnings issued; and (2) contractors, such as Griscom Russell, were not allowed to deviate from the specifications"); *Machnik v. Buffalo Pumps Inc.*, 506 F. Supp. 2d 99, 102 (D. Conn. 2007) (on similar affidavits of Lehman and another, Navy ship equipment manufacturers' federal officer removal allowed in asbestos personal injury claim involving state law failure to warn claims); *Nesbiet v. General Elec. Co.*, 399 F. Supp. 2d 205, 209-10 (S.D.N.Y. 2005) (on similar affidavits of Lehman and another, federal officer removal by Navy ship turbine manufacturer held warranted in asbestos personal injury lawsuit).  *Harris* at 1005 and *Machnik* at 103, as well as *Nesbiet* at 208, found that Admiral Lehman had "personal knowledge of the Navy's procurement practices regarding ship

alterations and equipment overhauls" and "the contracts that existed between the Navy and its contractors" in the 1940s and 1950s.

9. Griscom-Russell acted under the authority and at the direction of the Navy with respect to the manufacture and sale of distilling plants, fuel oil heaters, and associated equipment for the Navy. In this regard, the Navy issued comprehensive specifications and other technical documentation identified in contract documents and controlled the design and construction and specified the materials to be used for the equipment sold and manufactured by Griscom-Russell. All equipment supplied by Griscom-Russell to the Navy was manufactured under reasonably precise, detailed specifications and technical documentation requirements dictated by the United States government and identifiable in applicable contract documents. The Navy enforced compliance with its design specifications. No aspect of the design of its products escaped the close control of the Navy and its officers, which retained ultimate decision-making authority with respect to the design and approval of Griscom-Russell's products. *See* Cushing and Lehman Declarations. *See, e.g., O'Connell,* 544 F. Supp. 2d at 58; *Marley,* 545 F. Supp. 2d 1266; *Harris,* 532 F. Supp. 2d at 1005; *Machnik,* 506 F. Supp. 2d at 103-05.

10. The Navy's specifications also covered the nature of any communication affixed to equipment supplied to the Navy. Accordingly, Griscom-Russell was required to submit for approval and acceptance by the federal government drafts of any manuals, drawings or other written materials required to be provided with regard to equipment that it manufactured for the Navy. Attached as exhibits to the Lehman Declaration are documents used by Buffalo Pumps to support removal in *O'Connell* that, in Lehman's experience, are "typical of the Navy's detailed attention to and control over the content of submissions, and

the type of correspondence that the Navy used to reject submissions of, and to require corrections and resubmissions by, its various contractors." *See* Lehman Declaration; *O'Connell*, 544 F. Supp. 2d at 58. Moreover, either directly, or as a matter of practice, the Navy specified what was to be written, posted, printed and published on any nameplate or sign, including all aspects of warnings, for any product manufactured for its use. Griscom-Russell would not have been permitted (either under the Navy specifications or as a matter of Navy practice) to attach any type of warning or cautionary statement not required or approved by the Navy, including any statement relating to asbestos, without prior discussion, approval and acceptance by the Navy. *See* Cushing and Lehman Declarations; *O'Connell*, 544 F. Supp. 2d at n.7 (holding that the federal contractor defense applies in the failure to warn context), *citing Emory v. McDonnell Douglas Corp.*, 148 F.3d 347, 350 (4th Cir. 1998) (collecting cases from the Second, Fifth, Sixth, Seventh and Ninth circuits).

11.     The United States Navy was aware of the potential hazards of asbestos as early as 1922 and, by the 1940's, the Navy's knowledge regarding the potential hazards of asbestos was quite complete when compared to the available knowledge at the time. *See* Lehman Declaration at ¶ 13g. *See also Miller v. Diamond Shamrock Co.,* 275 F.3d 414, 422-423 (5th Cir. 2001); *O'Connell*, 544 F. Supp. 2d at 58; *Harris*, 532 F. Supp. 2d at 1005-06; *Oberstar*, 2008 U.S. Dist. LEXIS at *9-14; *Machnik*, 506 F. Supp. 2d at 104.

12.     Removal is appropriate, *inter alia*, because Viad is not required to prove the merits of its defense in order to remove this case successfully. Viad is only required to present a colorable claim such that the validity of the defense should be tried in federal rather than state court. *Jefferson County,* 527 U.S. at 431; *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969) ("In fact, one of the most important reasons for removal is to have the

validity of the defense of official immunity tried in federal court.  The officer need not win his case before he can have it removed."); *O'Connell*, 544 F. Supp. 2d at 53.  The federal officer removal statute is not narrow or limited and should not be frustrated by a narrow interpretation of 28 U.S.C. § 1442(a)(1).  *Willingham*, 395 U.S. at 406.

13.     Federal officer removal pursuant to 28 U.S.C. § 1442(a)(1) is an exception to the general rule requiring all named defendants to join in the removal petition.  *See Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981); *Fowler v. Southern Bell Te. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960).  Pursuant to 28 U.S.C. § 1441(b), because this is a "civil action of which the district courts have original jurisdiction" under § 1442(a)(1), it is "removable without regard to the citizenship or residence of the parties."

14.     Viad requests the opportunity to brief and respond, both in writing and orally, against any Motion for Remand filed by the plaintiffs.

15.     Viad recognizes that there are voluminous Exhibits attached to this Notice.  For the Court's convenience, page 8 of this Notice is an Index of the Exhibits attached hereto.

16.     As required by 28 U.S.C. § 1446(d), Viad will give notice of this filing to the Plaintiffs and to the clerk of the Providence County Superior Court of Rhode Island where the action is now pending.  A copy of the Notice to State Court of Filing of Notice of Removal is attached as Exhibit "E."

**Index of Exhibits to VIAD CORP'S NOTICE OF REMOVAL:**

- Exhibit A – Complaint for Damages (0001-0031)
- Exhibit B – CT Corporation Service of Process Transmittal Form (0032-0033)
- Exhibit C – Declaration of Charles R. Cushing (0034-0038)
  - Exhibit 1 – Curriculum Vitae of Charles R. Cushing (0039-0042)
- Exhibit D – Declaration of Rear Admiral (USN, Retired) Ben J. Lehman (0043-0053)
  - Exhibit 1 – Curriculum Vitae of Ben J. Lehman (0054-0055)
  - Exhibit 2 – Affidavit of Navy Rear Admiral David Sargent, Jr. (00056-00083)
    - Exhibit L – Correspondence supporting Affidavit of Navy Rear Admiral David Sargent, Jr. (0084-0098)
  - Exhibit 3 – Affidavit of Buffalo Pumps' Production Manager, Martin Kraft (0099-00104)
    - Exhibit C – Correspondence supporting Affidavit of Buffalo Pumps' Production Manager, Martin Kraft (0105-0120)
  - Exhibit 4 – U.S. Army and Navy Munitions Board – The Strategic and Critical Materials (0121-0161)
  - Exhibit 5 – Documents Concerning Curtailing the use of Asbestos (0162-0171)
  - Exhibit 6 – Affidavit of Samuel A. Forman, M.D. (0172-0177)
    - Exhibit A – Curriculum Vitae of Samuel A. Forman, M.D. (0178-0182)
    - Exhibit B – Navy Orders (0183-0187)
    - Exhibit C –"U.S. Navy Shipyard Occupational Medicine Through World War II," *Journal of Occupational Medicine* (0188-0193)
    - Exhibit D – "Instructions to Medical Officers," *U.S. Naval Medical Bulletin* (0194-0227)
    - Exhibit E – Handbook of the U.S. Navy Hospital Corps (0228-0242)
    - Exhibit F – Annual Report of the Surgeon General of the United States Navy (0243-0252)
    - Exhibit G – "Industrial Hygiene and the Navy in National Defense," *War Medicine* (0253-0265)
    - Exhibit H – "Minimum Requirements for Safety and Industrial Health in Contract Shipyards," *U.S. Navy Department, U.S. Maritime Commission* (0266-0304)
    - Exhibit I – U.S. Navy Safety Review (0305-0307)
- Exhibit E – Notice to State Court of Filing of Notice of Removal

8

The Defendant,
VIAD CORP,
By its Attorneys,


/s/Kristen M. Whittle
Stephen Adams| R.I. Bar No. 5577
sadams@bartongilman.com
Kristen M. Whittle| R.I. Bar No. 8252
kwhittle@bartongilman.com
BARTON GILMAN LLP
10 Dorrance Street, Suite 800
Providence, RI  02903
P: 401.273.7171 / F: 401.273.2904


## CERTIFICATE OF SERVICE

I, Kristen M. Whittle, attorney for the defendant, Viad Corp., hereby certify that on November 16, 2016, I served a copy of the foregoing by CM/ECF electronic mail notification to all counsel of record.


/s/Kristen M. Whittle
Kristen M. Whittle